UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
DEC 0 3 2012
CLERK

******************************************

BURTON LOHNES,    CIV. 12-4196

        Petitioner,

-vs-    REPORT AND RECOMMENDATION

DOUGLAS WEBER, WARDEN

        Respondent.

******************************************

Petitioner, Burton Lohnes, an inmate at the South Dakota State Penitentiary, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL AND FACTUAL BACKGROUND[1]

Burton Lohnes was sixteen years old when he was involved in an altercation at the Ranch House Motel in Rapid City, South Dakota in the early evening hours of November 13, 1980. Perry Mantzoros, the owner of the motel, attempted quell the disturbance. The incident subsided and Lohnes left the premises. At 7:30 a.m. the next morning, however, Perry Mantzoros's son found

---

[1] The facts are gleaned from Lohnes's Petition (Doc. 1), his previous § 2254 filed in this District (*Lohnes v. Leapley, et. al.*, Civ. No. 93-5082*)*, and the three reported cases which have been decided by the South Dakota Supreme Court: *State v. Lohnes*, 324 N.W.2d 409 (S.D. 1982) (*Lohnes I*); *State v. Lohnes*, 344 N.W.2d 686 (S.D. 1984) (*Lohnes II*); and *State v. Lohnes*, 432 N.W.2d 77 (S.D. 1988) (*Lohnes III*). See, *Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

Perry lying dead in the motel. He had been shot in the head, the phone cord had been ripped from the wall, and both Perry's wallet and the motel's cash box had been looted.

On the same night as the motel altercation (November 13, 1980), the First Stop Gun Shop in Rapid City was burglarized and several guns were stolen. Also on that same night, a 1979 Dodge pickup was reported stolen. At 10:45 p.m. on the night of November 13, 1980, Lohnes was arrested after he was spotted driving the stolen pickup. Lohnes was, at the time of his arrest, also in possession of guns which were stolen from the gun shop earlier in the evening. Other items were found in the stolen pickup which linked Lohnes to both the gun shop burglary and the shooting at the motel.

Upon interrogation, Lohnes confessed to burglarizing the First Stop Gun shop, to stealing the 1979 pickup, and eventually to the shooting death of Mantzoros. In August, 1981, a Pennington County jury found Lohnes guilty of third degree burglary, grand theft, and second degree murder. Judge Jeff Davis sentenced Lohnes to life in prison. Lohnes's second degree murder conviction was reversed by the South Dakota Supreme Court, however, because the Court ruled Lohnes's confession should not have been admissible at trial. *State v. Lohnes*, 324 N.W.2d 409 (S.D. 1982) (*Lohnes I*).

On remand, Lohnes entered a guilty plea to one count of first degree manslaughter pursuant to a plea agreement. Judge Jeff Davis sentenced Lohnes to 347 years imprisonment. On March 1, 1983, Lohnes moved to withdraw his guilty plea, alleging it was involuntary because he was induced to enter into the plea deal by the trial court's promise not to impose a life sentence. The South Dakota Supreme Court again reversed Lohnes's conviction. *State v. Lohnes*, 344 N.W.2d 686 (S.D. 1984) (*Lohnes II*). Lohnes was allowed to withdraw his guilty plea.

On remand, Lohnes chose to again have his case tried by a jury. This time (August, 1987) Lohnes was convicted of first degree manslaughter. The jury rejected his insanity defense. Judge Davis again sentenced Lohnes to life in prison. The South Dakota Supreme Court affirmed on appeal. *State v. Lohnes*, 432 N.W.2d 77 (S.D. 1988) (*Lohnes III*).

Lohnes filed a state habeas petition in September, 1992. The South Dakota Supreme Court denied his state habeas petition on March 5, 1993. Lohnes filed his first federal habeas petition pursuant to 28 U.S.C. § 2254 on July 16, 1993. *See Lohnes v. Walter Leapley, et. al.*, (Civ. No. 93-5082, United States District Court, District of South Dakota). Judge Battey dismissed the petition on February 7, 1994. The Eighth Circuit Court of Appeals denied a Certificate of Appealability on September 21, 1994. Among the issues raised by Lohnes in both his state and federal habeas petitions was whether the Judge Davis's decision to impose a life sentence violated Lohnes's constitutional rights.

On November 10, 2012, Lohnes filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In the body of his § 2254 Petition, Lohnes indicates that he "filed his federal habeas petition before seeking habeas review in the State Supreme Court to accelerate his federal review once such review is exhausted. *See* Motion for Stay . . ." Lohnes refers to the Motion for Stay and Abeyance (Doc. 4) which he filed simultaneously with his Petition. In his Motion for Stay and Abeyance, Lohnes explains that he filed both his state and federal habeas Petitions at the same time, and that he intends to seek federal review as soon as his state court proceedings have concluded. His intent in filing simultaneous petitions is to "arrest AEDPA's statute of limitation time counting against him and accelerate his federal habeas review."

The basis for Lohnes's current § 2254 Petition is a recent United States Supreme Court decision, *Miller v. Alabama*, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). In *Miller* the Supreme Court explained:

> [T]he Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders. A state is not required to guarantee eventual freedom, but must provide some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. By making youth and all that accompanies it irrelevant to imposition of that harshest prison sentence, such a scheme imposes too great a risk of disproportionate punishment. Because that holding is sufficient . . . we do not consider [the] alternative argument that the Eighth Amendment requires a categorical bar on life without parole for juveniles, or at least for those 14 and younger. But given all we have said in *Roper* and *Graham* and this decision about children's diminished culpability and heightened capacity for change, we think appropriate occasions for sentencing juveniles to this harshest penalty will be uncommon. That is especially so because of the great difficulty we noted in *Roper* and *Graham* of distinguishing at this early age between the juvenile offender whose

3

crime reflects unfortunate yet transient immaturity and the rare juvenile offender whose crime reflects irreparable corruption. Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.

*Miller*, 132 S.Ct. at 2469 (citations omitted, punctuation altered).

## DISCUSSION

The Court makes no comment on the potential merits of Lohnes's habeas claims. It is clear, however, that there are at least two procedural barriers which prevent the federal courts from entertaining Lohnes's § 2254 Petition at this time.

### 1. Exhaustion

Lohnes's *Miller* claim is unexhausted. As a general rule, a petitioner seeking a writ of habeas corpus under § 2254 must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). *Cone v. Bell*, 556 U.S. 449, 465, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009). The doctrine of exhaustion requires "as a matter of comity, federal courts should not consider a claim in habeas corpus petition until after the state courts have had an opportunity to act." *Mellott v. Purkett*, 63 F.3d 781, 784 (8th Cir. 1995) *quoting Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Dixon v. Dormire*, 263 F.3d 774, 777 (8th Cir. 2001) (citations omitted). A strong presumption exists to require a prisoner to exhaust his state remedies, and the exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Mellott*, 63 F.3d at 785. In *Mellott,* the Eighth Circuit found the prisoner's assertion of a seventeen month delay in state court was not a circumstance which warranted waiver of the exhaustion requirement.

The Petitioner bears the burden to show all available state remedies have been exhausted, or that exceptional circumstances exist which warrant waiver of exhaustion. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998). Lohnes not made either showing. Lohnes has not exhausted his state remedies, because his state habeas claim remains pending in the state Circuit Court. Neither

has he made a showing of exceptional circumstances. This federal habeas claim, therefore, is premature. Dismissal without prejudice is appropriate when a prisoner has failed to exhaust his state remedies. *Id.*

### 2. Second or Successive Petition

If Lohnes chooses to pursue his *Miller* claim in a federal habeas petition after he exhausts his state remedies, he must petition the United States Court of Appeals for the Eighth Circuit for leave to file a Second or Successive Petition. This procedure is mandated by 28 U.S.C. § 2244. That statute provides in part:

**§2244. Finality of Determination**
(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on application for writ of habeas corpus, except as provided in section 2255.
(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
        (A) The applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
            (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
        (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application

shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this sub-section.

\*\*\*

Because Lohnes's earlier habeas claims have already been determined by the United States District Court for the District of South Dakota and the Eighth Circuit, he must seek permission to file a second or successive petition. *Van Cleave v. Norris*, 150 F.3d 926 (8th Cir. 1998). *See also Riley v. Palakovich*, 2012 WL 4473207 (E.D. Pa.) (prisoner who was a juvenile when convicted filed simultaneous state and federal petitions seeking habeas relief based on *Miller*, after pre-*Miller* unsuccessful state and federal habeas petitions; dismissal without prejudice recommended based on failure to exhaust and failure to obtain permission to file second or successive petition).

## CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully RECOMMENDED to the District Court that Lohnes's Petition for Habeas Corpus (Doc. 1) be DISMISSED without prejudice and that his Motion for In Forma Pauperis Status (Doc. 2) and Motion for Stay and Abeyance (Doc. 4) be DENIED as moot.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)
Dated this 3rd day of December, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

6